NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-13-0001599
01-AUG-2013
09:27 AM

NO. CAAP-13-0001599

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

JOSHUA REED,
Petitioner-Appellant,
v.
HAWAIʻI PAROLING AUTHORITY and
JAMES HIRANO, in his official capacity as the
Warden of the Maui Community Correctional Center,
Respondents-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(S.P.P. NO. 13-1-001)
(CR. NO. 04-1-0319)

ORDER GRANTING MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION
(By: Nakamura, Chief Judge, Foley and Reifurth, JJ.)

Upon review of (1) Respondent-Appellees Hawaiʻi

Paroling Authority and James Hirano's (Appellees Hawaiʻi Paroling

Authority and Hirano) July 2, 2013 motion to dismiss appellate

court case number CAAP-13-0001599 for lack of appellate

jurisdiction, (2) Petitioner-Appellant Joshua Reed's (Appellant

Reed) July 3, 2013 memorandum in opposition to Appellees Hawaiʻi

Paroling Authority and Hirano's July 2, 2013 motion to dismiss appellate court case number CAAP-13-0001599 for lack of appellate jurisdiction, and (3) the documents in the appellate pleadings index for appellate court case number CAAP-13-0001599, it appears that we lack appellate jurisdiction over Appellant Reed's appeal from the Honorable Glenn S. Hara's May 21, 2013 order dismissing Appellant Reed's petition for post-conviction relief pursuant to Rule 40 of the Hawai'i Rules of Penal Procedure (HRPP) because Appellant Reed's June 24, 2013 notice of appeal is untimely under Rule 4(b)(1) of the Hawai'i Rules of Appellate Procedure (HRAP).

"The right of appeal in a criminal case is purely statutory and exists only when given by some constitutional or statutory provision." State v. Poohina, 97 Hawai'i 505, 509, 40 P.3d 907, 911 (2002) (citation and internal quotation marks omitted). "In a circuit court criminal case, a defendant may appeal from the judgment of the circuit court, see HRS § 641-11 (1993), from a certified interlocutory order, see HRS § 641-17 (1993), or from an interlocutory order denying a motion to dismiss based on double jeopardy." State v. Kealaiki, 95 Hawai'i 309, 312, 22 P.3d 588, 591 (2001) (citation omitted). Pursuant to HRS § 641-11 (Supp. 2012) and "HRPP Rule 40(h), appeals from proceedings for post-conviction relief may be made from a judgment entered in the proceeding and must be taken in accordance with Rule 4(b) of the Hawai'i Rules of Appellate Procedure (HRAP)." Grattafiori v. State, 79 Hawai'i 10, 13, 897 P.2d 937, 940 (1995) (internal quotation marks and brackets omitted). Appellant Reed's appeal arises out of the proceedings

for Appellant Reed's HRPP Rule 40 petition for post-conviction relief in S.P.P. No. 13-1-001, and, thus, the circuit court's May 21, 2013 order dismissing Appellant Reed's HRPP Rule 40 petition for post-conviction relief is appealable under HRS § 641-11, HRPP Rule 40(h), and the holding in <u>Grattafiori v. State</u>.

With respect to the timeliness of Appellant Reed's appeal, HRAP Rule 4(b) provides in relevant part the following:

> (b) Appeals in Criminal Cases.
>
> (1) Time and Place of Filing. In a criminal case, the notice of appeal shall be filed within 30 days <u>after entry</u> of the judgment or order appealed from.
>
> (3) Entry of Judgment or Order Defined. A judgment or order is entered within the meaning of this subsection when it is filed with the clerk of the court.

(Emphasis added). Therefore, "pursuant to HRAP Rule 4(b), an appeal from an order denying post-conviction relief must either be filed within thirty days <u>after the entry</u> of the order denying the HRPP Rule 40 petition or, in the alternative, after the announcement but before the <u>entry</u> of the order." <u>Grattafiori v. State</u>, 79 Hawai'i at 13, 897 P.2d at 940 (emphases added). Appellant Reed did not file his June 24, 2013 notice of appeal within thirty days <u>after entry</u> of the May 21, 2013 order, as HRAP Rule 4(b)(1) required. Therefore, Appellant Reed's appeal is untimely under HRAP Rule 4(b)(1).

Appellant Reed argues that his June 24, 2013 notice of appeal is timely under the combination of HRAP Rule 4(b)(1) and HRAP Rule 26(c). According to Appellant Reed, although HRAP Rule 4(b)(1) required Appellant Reed to file his notice of appeal within thirty days after entry of the appealable order, the

circuit court sent the May 21, 2013 order to Appellant Reed by mail, and, thus, according to Appellant Reed, HRAP Rule 26(c) requires the intermediate court of appeals to add two additional days to the thirty-day time period under HRAP Rule 4(b)(1) for filing a notice of appeal. HRAP Rule 26(c) provides for two extra days under the following circumstances:

> (c) Additional time after service by mail. Whenever a party is required or permitted to do an act within a prescribed time after <u>service</u> of a document, and the document is served by mail, 2 extra days shall be added to the prescribed period.

HRAP Rule 26(c) (emphasis added). However, contrary to Appellant Reed's argument, HRAP Rule 4(b)(1) neither requires nor permits a party to file a notice of appeal within thirty days after "service" of an appealable order or judgment. Instead, HRAP Rule 4(b)(1) expressly requires that "the notice of appeal shall be filed within 30 days <u>after entry</u> of the judgment or order appealed from." (Emphasis added). Under HRAP Rule 4(b)(1), the circuit court's "entry" of the May 21, 2013 order triggered the thirty-day time period under HRAP Rule 4(b)(1) rather than the circuit court's "service" of the May 21, 2013 order by mail, and, thus, the two-day provision in HRAP Rule 26(c) does not apply to the thirty-day time period under HRAP Rule 4(b)(1) for filing a notice of appeal. Appellant Reed did not file his June 24, 2013 notice of appeal within thirty days <u>after entry</u> of the May 21, 2013 order dismissing Reed's HRPP Rule 40 petition for post-conviction relief, as HRAP Rule 4(b)(1) required. Therefore, Appellant Reed's appeal is untimely under HRAP Rule 4(b)(1).

The two exceptions to the timeliness requirement do not apply to the instant case. In an appeal from a circuit court

-4-

proceeding involving an HRPP Rule 40 petition for post-conviction relief, the Supreme Court of Hawai‘i explained:

> We have, on a number of occasions, recognized exceptions to the requirement that notices of appeal be timely filed. See State v. Caraballo, 62 Haw. 309, 315-316, 615 P.2d 91, 96 (1980) (summarizing prior cases that recognized such exceptions). . . . Specifically, we have permitted belated appeals under two sets of circumstances, namely, when (1) defense counsel has inexcusably or ineffectively failed to pursue a defendant's appeal from a criminal conviction in the first instance, or (2) the lower court's decision was unannounced and no notice of the entry of judgment was ever provided. Id. Clearly, neither of these exceptions applies to the facts presented herein.

Grattafiori v. State, 79 Hawai‘i at 13-14, 897 P.2d at 940-41. Neither of the two exceptions applies to the instant case. The first exception does not apply to the instant case because Appellant Reed is not appealing from his criminal conviction in the first instance, but, instead, Appellant Reed is appealing from the post-conviction proceeding for his HRPP Rule 40 petition for post-conviction relief. The second exception does not apply because the circuit court clearly announced its decision in its May 21, 2013 order, and Appellant Reed's has attached to his June 24, 2013 notice of appeal a photocopy of the envelope that the circuit court utilized to send a copy of the May 21, 2013 order to Appellant Reed's attorney, and that photocopy of the envelope clearly shows that the circuit court dispatched the envelope on May 22, 2013, i.e., just one day after entry of the May 21, 2013 order. Therefore, the two exceptions to the timeliness requirement do not apply to the instant case.

"As a general rule, compliance with the requirement of the timely filing of a notice of appeal is jurisdictional, . . . and we must dismiss an appeal on our motion if we lack jurisdiction." Grattafiori v. State, 79 Hawai‘i at 13, 897 P.2d

-5-

at 940 (citations, internal quotation marks, and brackets omitted); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of these rules."); HRAP Rule 26(e) ("The reviewing court for good cause shown may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal."). Therefore,

IT IS HEREBY ORDERED that Appellees Hawai'i Paroling Authority and Hirano's July 2, 2013 motion to dismiss appellate court case number CAAP-13-0001599 for lack of appellate jurisdiction is granted, and appellate court case number CAAP-13-0001599 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that the appellate court clerk shall immediately send a copy of this order to the Office of Disciplinary Counsel for its review of the conduct of Appellant Reed's attorney, Samuel Guy MacRoberts (attorney number 8970), in this matter.

DATED: Honolulu, Hawai'i, August 1, 2013.

Chief Judge

Associate Judge

Associate Judge